TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

KATHARINE LAUBACH (CO 42693)
KRYSTAL-ROSE PEREZ (TX 24105931)
Trial Attorneys
U.S. Department of Justice
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-8568 (Laubach)
Phone: (202) 305-0486 (Perez)
Email: katharine.laubach@usdoj.gov
Email: krystal-rose.perez@usdoj.gov

Lisa E. Bhatia Gautier
Assistant U.S. Attorney
Torre Chardón, Suite 1201
350 Calle Chardón
San Juan, Puerto Rico 00918
Phone: 787-282-1894
E-mail: lisa.bhatia@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMITÉ DIALOGO AMBIENTAL, INC., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, DEPARTMENT OF HOMELAND SECURITY, DEANNE CRISWELL, and ALEJANDRO MAYORKAS,<br><br>      Defendants. | No. 3:24-cv-01145-JAG<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Under Federal Rule of Civil Procedure 8(b), Defendants Federal Emergency Management Agency (FEMA), Department of Homeland Security (DHS), Deanne Criswell, in her official capacity as Administrator of FEMA, and Alejandro Mayorkas, in his official capacity as Secretary of DHS (collectively, Defendants) hereby answer Plaintiffs' Complaint, ECF No. 1.[1]  The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of Plaintiffs' Complaint, and this Answer counts citation sentences as parts of the preceding substantive sentences.

## "I.    INTRODUCTION"[2]

1.    The allegations in the first sentence of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, Defendants deny the allegations in in the first sentence of this paragraph and deny any violation of the National Environmental Policy Act (NEPA).  The allegations in the second and third sentences of this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second and

---

[1] Plaintiffs' claims are subject to judicial review, if at all, under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 706. Under the APA, the Court's task is not to find facts, but to review the administrative record produced by the agency and determine whether, as a matter of law, the agency's decision is arbitrary, capricious or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). Because the Court does not operate as a fact-finder during APA review, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA). Nonetheless, to ensure compliance with Federal Rule of Civil Procedure 8, Defendants submit this Answer.

[2] The headings here correspond to the headings in the Complaint.  Defendants include them to provide convenient reference to the Complaint and do not intend them to form any substantive part of Defendants' Answer.  To the extent the Complaint headings make substantive allegations, Defendants deny those allegations.

third sentences of this paragraph and deny any violation of NEPA or the Administrative Procedure Act (APA).

2.    Defendants admit that in September 2022, Hurricane Fiona caused flooding, landslides, and damage to the electrical grid in Puerto Rico and that in September 2017, Hurricane Maria caused deaths and damage to the electrical grid in Puerto Rico. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because the terms "heavy"; "knocking out"; "devasting"; "ravaged"; "highly vulnerable"; "complete blackout"; "thousands"; and "many" are vague and ambiguous.

3.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations in this paragraph.

4.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations in this paragraph.

5.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, third, and fourth sentences of this paragraph because the terms "particularly susceptible to damage"; "devastating"; "climate crisis"; "increasing intensity"; "high voltage"; "long distances"; "heavily vegetated"; "vulnerable"; "few points"; "knock out"; "large areas"; and "long time" are vague and ambiguous. Defendants admit the allegations in the second sentence of this paragraph.

6.    The allegations in this paragraph purport to characterize technical studies, which speak for themselves and are the best evidence of their contents.

7.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph because the terms "aggressive renewable energy targets" and "landmark law" are vague and ambiguous. Defendants lack

3

sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore denies these allegations. The allegations in the third sentence of this paragraph purport to characterize the Puerto Rico 100 Study, which speaks for itself and is the best evidence of its contents.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because the terms "vulnerability"; "contributes"; "increasing severity and frequency"; "fossil fuel pollution"; "resilience benefits"; and "repeatedly demonstrated" are vague and ambiguous.

9. Defendants admit that DHS, through FEMA, has provided monetary federal disaster aid to Puerto Rico to restore the electrical grid through public utilities projects and public facilities projects. Defendants deny the remaining allegations in this paragraph.

10. Defendants deny the allegations in the first sentence of this paragraph and aver that in August 2020, FEMA issued a Programmatic Environmental Assessment (PEA) for Utilities Repair, Replacement, and Realignment (the "Utilities PEA") in Puerto Rico and then issued a Finding of No Significant Impact (FONSI) in June 2021. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the second sentence of this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny them.

11. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to

characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

12.    Defendants deny the allegations in the first sentence of this paragraph and aver that in July 2022, FEMA issued a PEA for Public Facilities Infrastructure Recovery and Resiliency (the "Public Facilities PEA") in Puerto Rico and then issued a FONSI in December 2022.  The remaining allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

13.    The allegations in this paragraph purport to characterize the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents.

14.    The allegations in this paragraph purport to characterize the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents.

15.    The allegations in the first sentence of this paragraph purport to characterize the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in the second sentence of this paragraph because the terms "ecologically rich"; "critical habitat"; "numerous"; "iconic"; and "value" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.  Defendants deny the allegations in the last sentence of this paragraph because the terms "tremendous damage" and "invaluable

natural environments" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

16.     The allegations in the first sentence of this paragraph purport to characterize public comments on the Utilities PEA and Public Facilities PEA received by FEMA, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in the second sentence of this paragraph and aver that FEMA issued the Utilities PEA in August 2020, the FONSI for the Utilities PEA in June 2021, the Public Facilities PEA in July 2022, and the FONSI for the Public Facilities PEA in December 2022.

17.     Defendants admit that Plaintiffs sent FEMA a letter dated January 6, 2023, but the remaining allegations in the first sentence of this paragraph purport to characterize Plaintiffs' letter, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in the second sentence of this paragraph.

18.     The allegations in this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and deny any violation of law.

"II.     JURISDICTION & VENUE"

19.     The allegations in this paragraph constitute legal conclusions to which no response is required.

20.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

21.     The allegations in this paragraph constitute legal conclusions to which no response is required.

**"III.    PARTIES"**

22.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

23.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

24.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

25.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

26.    Defendants deny the allegations in this paragraph.

27.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

28.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

29.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this paragraph and therefore deny them.  Defendants deny the allegations in the third sentence of this paragraph.

30.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

31.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

7

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. Defendants deny the allegations in the second sentence of this paragraph.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. Defendants deny the allegations in the second sentence of this paragraph.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

39. Defendants deny the allegations in this paragraph.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

41. Defendants deny the allegations in this paragraph.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

44. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph and therefore deny them. Defendants deny the allegations in the fourth sentence of this paragraph.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

47. Defendants deny the allegations in this paragraph.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

52. Defendants deny the allegations in this paragraph.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

54. Defendants deny the allegations in this paragraph.

55. Defendants admit the allegations in this paragraph.

56.     Defendants admit the allegations in this paragraph.

57.     Defendants admit the allegations in this paragraph.

58.     Defendants admit the allegations in this paragraph.

"IV.    STATUTORY BACKGROUND"

"A.  The National Environmental Policy Act"

59.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

60.     The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.

61.     The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.

62.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

63.     The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

64.     The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

65. The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

66. The allegations in this paragraph purport to characterize Executive Order No. 12,898, 59 Fed. Reg. 7629 (Feb. 16, 1994), which speaks for itself and is the best evidence of its contents.

67. The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

"**B. The Stafford Act**"

68. The allegations in this paragraph purport to characterize the Stafford Act, which speaks for itself and is the best evidence of its contents.

69. The allegations in this paragraph purport to characterize the Stafford Act, which speaks for itself and is the best evidence of its contents.

70. The allegations in this paragraph purport to characterize the Stafford Act, which speaks for itself and is the best evidence of its contents.

71. The allegations in this paragraph purport to characterize FEMA's authorizing statute and the Disaster Recovery Reform Act, which speak for themselves and are the best evidence of their contents.

72. The allegations in this paragraph purport to characterize FEMA's December 2021 report on Resources for Climate Resilience, which speaks for itself and is the best evidence of its contents.

"V.    FACTUAL BACKGROUND"

"A.    The Hurricanes That Continue to Devastate Puerto Rico and the Opportunity to Rebuild a More Resilient Electricity Delivery System in the Wake of Disaster."

73.    Defendants admit that in September 2017, Hurricanes Irma and Maria caused damage and deaths in Puerto Rico.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

74.    Defendants admit that the Puerto Rico Electric Power Authority (PREPA) is and has been Puerto Rico's electric utility that operates electric generation, transmission, and distribution facilities in Puerto Rico.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph because the terms "at that time" and "working on restoring power" are vague and ambiguous and therefore Defendants deny these allegations.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence because the terms "significantly" and "fossil-fueled electricity" are vague and ambiguous and therefore Defendants deny them.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph.

75.    Defendants admit that in January 2020, a magnitude 6.4 earthquake occurred in Puerto Rico and impacted electric transmission lines.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because the terms "recovering"; "wrecked"; "plunged"; and "almost" are vague and ambiguous and therefore Defendants deny these allegations.

12

76.    Defendants admit Hurricanes Irma and Maria and the January 2020 earthquake impacted electric transmission lines in Puerto Rico.  Otherwise Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations because the terms "some"; "most"; "extensive"; "the grid"; "catastrophes"; "significant"; "assets"; "difficult"; "heavily"; "increased"; and "long" are vague and ambiguous and therefore Defendants deny these allegations.

77.    Defendants admit that FEMA issued a major disaster declaration on September 20, 2017.  The remaining allegations in this paragraph purport to characterize a major disaster declaration, which speaks for itself and is the best evidence of its contents.

78.    Defendants admit that FEMA authorized funds to PREPA but deny the remaining allegations in this paragraph.

79.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph because the terms "small fraction"; "smaller proportion"; and "extremely vulnerable" are vague and ambiguous and therefore Defendants deny these allegations.

80.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences because the terms "these problems"; "large-scale"; and "long distances" are vague and ambiguous and therefore Defendants deny these allegations.  Defendants also deny the allegations in the second sentence because the allegations speculate as to the possible operation of "renewable energy resources" during "grid failures."  The allegations in the third sentence of this paragraph purport to characterize "technical studies," which speak for themselves and are the best evidence of their contents.  The allegations in the fourth sentence of this paragraph purport to characterize a 2018 Department of

13

Energy report, which speaks for itself and is the best evidence of its contents. The allegations in the fifth sentence of this paragraph purport to characterize a National Renewable Energy Laboratory study, which speaks for itself and is the best evidence of its contents. The allegations in the sixth sentence of this paragraph, including the bullet points, purport to characterize a Cambio PR and Institute for Energy Economics and Financial Analysis report, which speaks for itself and is the best evidence of its contents.

81.     The allegations in the first sentence of this paragraph purport to characterize Puerto Rican laws, which speak for themselves and are the best evidence of their contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Puerto Rican experts and community organizations issued their own energy plan in 2020 and therefore deny the allegations in the first half of the second sentence of this paragraph. The remaining allegations in the second sentence of this paragraph purport to characterize an energy plan, which speaks for itself and is the best evidence of its contents.

82.     Defendants deny that "over $10 billion in federal funds from FEMA" have been allocated to "repair damage to the electric system" and aver that FEMA has allocated $1.7 billion for specific projects relating to power restoration, which may include distributed renewable energy, in Puerto Rico. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph because the terms "these findings" and "that funding" are vague and ambiguous, and therefore Defendants deny these allegations. Defendants deny the allegations in the second sentence of this paragraph. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph and therefore deny them.

"**B.    The History of Problems with Puerto Rico's Centralized Electricity Grid**"

83.    Defendants admit that in September 2017, PREPA was the central operator of electrical generation, transmission, and distribution in Puerto Rico.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph because the terms "significant" and "financial troubles" are vague and ambiguous, and therefore Defendants deny these allegations.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny them.

84.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

85.    Defendants admit that the Puerto Rican government contracted with LUMA Energy to provide electrical transmission and distribution in Puerto Rico.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

"**C.    FEMA's Puerto Rico Fossil Grid Entrenchment Project**"

86.    Defendants deny the allegations in the first sentence of this paragraph because there is no "Fossil Grid Entrenchment Project," and aver that in August 2020, FEMA issued the Utilities PEA.  To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the second sentence of this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny them.

87.     To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

88.     To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

89.     To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

90.     The allegations in the first sentence of this paragraph purport to characterize comments submitted by Plaintiffs to FEMA, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence purport to characterize FEMA's FONSI for the Utilities PEA, which speaks for itself and is the best evidence of its

contents.  The allegations in the third sentence of this paragraph purport to characterize the

Utilities PEA, which speaks for itself and is the best evidence of its contents.

91.     Defendants deny the allegations in this paragraph and aver that FEMA

authorized funds under the Utilities PEA for the following projects:

- $16.37 million for Mayaguez Hydro-Gas Power Plant Permanent Repairs;

- $1.8 million for Cambalache Power Plant Permanent Repairs;

- $74.4 million for Rehabilitation of Guayama Waste Water Treatment Plant; and

- $1.43 million for Manati TC Substation.

"**D.    FEMA's Puerto Rico Public Facilities Project**"

92.     Defendants admit that FEMA issued the Public Facilities PEA in July

2022 and deny the remaining allegations in the first sentence of this paragraph.  The allegations

in the second sentence of this paragraph purport to characterize the Public Facilities PEA, which

speaks for itself and is the best evidence of its contents.

93.     The allegations in this paragraph purport to characterize the Public

Facilities PEA, which speaks for itself and is the best evidence of its contents.

94.     The allegations in this paragraph purport to characterize the Public

Facilities PEA, which speaks for itself and is the best evidence of its contents.

95.     The allegations in this paragraph purport to characterize the Public

Facilities PEA, which speaks for itself and is the best evidence of its contents.

96.     The allegations in the first sentence of this paragraph purport to

characterize comments submitted by Plaintiffs to FEMA, which speak for themselves and are the

best evidence of their contents.  Defendants admit that FEMA issued the FONSI for the Public

17

Facilities PEA in December 2022 and deny the remaining allegations in the second sentence of this paragraph.  The allegations in the third sentence of this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

"E.    The PEAs' Failure to Meet NEPA's Basic Requirements"

"1.    *The Fossil Grid Entrenchment PEA's Flawed Purpose and Need Discussion*"

97.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

98.    Defendants deny the allegations in this paragraph.

99.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

100.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence and therefore deny them.  To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the second sentence of this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment

18

Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny them.

101.    The allegations in the first sentence purport to characterize a University of Texas at Austin study, which speaks for itself and is the best evidence of its contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence.

102.    Defendants deny the allegations in this paragraph.

"**2.    *Both PEAs' Flawed Alternatives Analyses***"

103.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

104.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

105.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to

characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

106.    The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

107.    The allegations in this paragraph purport to characterize comments submitted by Plaintiffs to FEMA, which speak for themselves and are the best evidence of their contents.

108.    Defendants deny the allegations in the first, second, third, and fourth sentences of this paragraph because the allegations speculate as to the possible impacts of "distributed renewable energy."  The allegations in the fifth sentence of this paragraph purport to characterize a 2017 National Academies report, which speaks for itself and is the best evidence of its contents.

109.    FEMA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

110.    The allegations in the first sentence of this paragraph purport to characterize the Puerto Rico 2019 Energy Public Policy Act, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in the second sentence of this paragraph.

"*3.    Both PEAs' Flawed Environmental Analysis*"

111.    Defendants deny the allegations in this paragraph.

"*Air Pollution Impacts*"

20

112.    Defendants admit the allegations in this paragraph.

113.    Defendants admit the allegations in the first, second, third, and fourth sentences of this paragraph.  The allegations in the fifth sentence of this paragraph purport to characterize unidentified studies, which speak for themselves and are the best evidence of their contents.

114.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

115.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the first, second, and fourth sentences of this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and fourth sentences of this paragraph and therefore deny them.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph because the terms "tremendous" and "significant" are vague and ambiguous, and therefore Defendants deny them.

116.    The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

21

117. The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

"*Water Quality Impacts*"

118. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

119. Defendants deny the allegations in the first sentence of this paragraph. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first half of the second sentence in this paragraph because the terms "construction activities" and "frequently" is vague and ambiguous, and therefore Defendants deny them. Defendants deny the allegations in the second half of the second sentence of this paragraph because the allegations speculate as to the possible impacts of "construction activities" on coral habitats. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first half of the third sentence of this paragraph because the term "various pollutants" is vague and ambiguous, and therefore Defendants deny them. Defendants deny the allegations in the second half of the third sentence of this paragraph because the allegations speculate as to the possible impacts of "various pollutants."

120. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this paragraph because the terms "constant" and "environmentally destructive" are vague and ambiguous, and therefore

22

Defendants deny them.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph.

121.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

122.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and third sentences of this paragraph because the terms "many"; "same impacts"; "investing"; "continually"; "continued"; and "kinds" are vague and ambiguous, and therefore Defendants deny them.  Defendants deny the allegations in the second sentence of this paragraph because the allegations speculate as to the possible impacts of "construction on repair projects."

"*Climate Consequences*"

123.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because the terms "multiplying"; "kinds of threats"; "especially vulnerable"; and "climate impacts" are vague and ambiguous, and therefore Defendants deny them.

124.    The allegations in this paragraph cite identified estimates by scientists, which speak for themselves and are the best evidence of their contents.

125.    The allegations in this paragraph cite identified estimates by scientists, which speak for themselves and are the best evidence of their contents.

126.     The allegations in this paragraph purport to characterize unidentified sources, which speak for themselves and are the best evidence of their contents.

127.     The allegations in the first sentence of this paragraph purport to characterize CEQ's guidance to agencies for implementing NEPA, which speak for itself and is the best evidence of its contents.   To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the second and third sentences of this paragraph purport to characterize the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences this paragraph and therefore deny them.

128.     The allegations in the first sentence of this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the remaining allegations of this paragraph because the terms "fundamental problem"; "long"; "heavily"; "primary"; "highly vulnerable"; "typically"; "fully address"; "climate vulnerability"; "multiple times"; "more susceptible"; and "climate crisis" are vague and ambiguous, and therefore Defendants deny them.

129.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph because the terms "simply repairing"; "existing fossil fuel grid"; and "climate change-fueled storm" are vague and ambiguous, and therefore Defendants deny them.  The allegations in the second sentence of this

24

paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

130. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

131. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the first sentence of this paragraph purport to characterize public comments on the Utilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the second sentence of this paragraph purport to the Utilities PEA, which speaks for itself and is the best evidence of its contents.

"*Environmental Justice Impacts*"

132. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the

Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

133. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the first sentence of this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. Defendants deny the allegations in the second sentence of this paragraph because the allegations speculate as to the possible impacts of "fossil fuels." Defendants deny the allegations in the third sentence of this paragraph because the allegations speculate as to the possible impacts of "burning coal." Defendants admit the allegations in the fourth sentence of this paragraph.

134. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

135. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

136. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the first sentence of this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves

and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

137.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the first sentence of this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and therefore deny them.

138.    The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

139.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

"*Cultural and Historic Resources Impacts*"

140.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

141.    The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

"*Threatened and Endangered Species Impacts*"

142.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

143.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because the terms "tremendous"; "critical habitats"; "many"; "these consequences"; "many others"; "decimated"; "major contributors"; "critical protections"; "severely impacted"; "void"; and "rapidly" are vague and ambiguous, and therefore Defendants deny them.

144.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the first and second sentences of

28

this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this paragraph and therefore deny them. Defendants admit that the elfin woods warbler was listed as threatened in 2016 and is found in Maricao Commonwealth Forest but deny the remaining allegations in the third sentence of this paragraph. Defendants admit the allegations in the fourth and fifth sentences of this paragraph. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the sixth sentence of this paragraph because the term "central causes" is vague and ambiguous, and therefore Defendants deny them. The allegations in the seventh sentence of this paragraph purport to characterize the listing decision for the elfin woods warbler, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the eighth sentence of this paragraph because the allegations speculate as to the possible impacts of "expansion of existing utility infrastructure." Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the ninth and tenth sentences of this paragraph because the terms "restricted distribution"; "significant threat"; "species' persistence"; "increasingly vulnerable"; "other threats associated with the climate crisis"; and "these concerns" are vague and ambiguous, and therefore Defendants deny them.

145. Defendants admit that the Puerto Rican parrot is listed as an endangered species but deny the remaining allegations in the first sentence of this paragraph because Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants admit the allegations in the second sentence of this paragraph. Defendants lack sufficient knowledge or information to form a belief as to the truth of the

29

allegations in the third sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents.

146. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph. The allegations in the third and fourth sentences of this paragraph purport to characterize statements made by the Fish and Wildlife Service, which speak for themselves and are the best evidence of their contents. The remaining allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents.

147. Defendants admit the allegations in the first and second sentences of this paragraph. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph and therefore deny them. Defendants deny the allegations in the fourth sentence.

148. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

149. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

150.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph because the term "significantly" is vague and ambiguous, and therefore Defendants deny them.  Defendants admit the allegations in the second sentence of this paragraph.  Defendants deny the allegations in the third sentence of this paragraph because they speculate as to the possible impacts of "sedimentation and runoff from land development."  The allegations in the fourth sentence of this paragraph purport to characterize statements made by the National Marine Fisheries Service, which speak for themselves and are the best evidence of their contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth and sixth sentences of this paragraph and therefore deny them.

151.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

152.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents.  If the "Fossil Entrenchment Project" does not refer to the

31

Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

"*Cumulative Impacts*"

153.    The allegations in the first and second sentence of this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves are the best evidence of their contents. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in the third and fourth sentences of this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph and therefore deny them.

154.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

155.    To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack

32

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

156.     To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

157.     The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

158.     The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

"*4.     FEMA's Improper Refusal to Prepare a Single, Comprehensive EIS*"

159.     To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA, which speaks for itself and is the best evidence of its contents.  If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

160.     The allegations in this paragraph purport to characterize the Public Facilities PEA, which speaks for itself and is the best evidence of its contents.

161.     To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to

characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

162. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the FONSIs for the Utilities PEA and the Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

163. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

164. To the extent the Complaint applies the incorrect title of "Fossil Entrenchment Project" to the Utilities PEA, the allegations in this paragraph purport to characterize the Utilities PEA and Public Facilities PEA, which speak for themselves and are the best evidence of their contents. If the "Fossil Entrenchment Project" does not refer to the Utilities PEA, then Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

"**F.     FEMA's Failure to Undertake Further NEPA Review in Light of Significant Developments Since the Issuance of the FONSIs.**"

165.    Defendants deny the allegations in the first and second sentences of this paragraph.  The allegations in the third sentence of this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves are the best evidence of their contents.

166.    Defendants admit that FEMA received a letter from Plaintiff Center for Biological Diversity in January 2023 but deny the remaining allegations in the first sentence of this paragraph.

167.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

168.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

169.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

170.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

171.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

172.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

173.    The allegations in this paragraph purport to characterize Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

174.    The allegations in this paragraph purport to characterize FEMA's response to Plaintiff Center for Biological Diversity's January 2023 letter, which speaks for itself and is the best evidence of its contents.

## "FIRST CLAIM FOR RELIEF"

The allegations in the non-numbered paragraph appearing immediately after the heading "First Claim for Relief" in the Complaint constitute legal conclusions to which a response is not required. To the extent a response is required, Defendants deny any violation of law.

175.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

176.    Defendants deny the allegations in this paragraph.

177.    Defendants deny the allegations in this paragraph.

178.    Defendants deny the allegations in this paragraph.

179.    Defendants deny the allegations in this paragraph.

180.    Defendants deny the allegations in this paragraph.

181.    Defendants deny the allegations in this paragraph.

## "SECOND CLAIM FOR RELIEF"

The allegations in the non-numbered paragraph appearing immediately after the heading "Second Claim for Relief" in the Complaint constitute legal conclusions to which a response is not required. To the extent a response is required, Defendants deny any violation of law.

182.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

183.    Defendants deny the allegations in this paragraph.

184.    Defendants deny the allegations in this paragraph.

185.    Defendants deny the allegations in this paragraph.

186.    Defendants deny the allegations in this paragraph.

## "THIRD CLAIM FOR RELIEF"

The allegations in the non-numbered paragraph appearing immediately after the heading "Third Claim for Relief" in the Complaint constitute legal conclusions to which a response is not required.  To the extent a response is required, Defendants deny any violation of law.

187.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

188.    Defendants deny the allegations in this paragraph.

189.    Defendants deny the allegations in this paragraph.

190.    Defendants deny the allegations in this paragraph.

191.    Defendants deny the allegations in this paragraph.

192.    Defendants deny the allegations in this paragraph.

## "FOURTH CLAIM FOR RELIEF"

The allegations in the non-numbered paragraph appearing immediately after the heading "Fourth Claim for Relief" in the Complaint constitute legal conclusions to which a response is not required.  To the extent a response is required, Defendants deny any violation of law.

193.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

194.    Defendants deny the allegations in this paragraph.

195.    Defendants deny the allegations in this paragraph.

196.   Defendants deny the allegations in this paragraph.

197.   Defendants deny the allegations in this paragraph.

## "FIFTH CLAIM FOR RELIEF"

The allegations in the non-numbered paragraph appearing immediately after the heading "Fifth Claim for Relief" in the Complaint constitute legal conclusions to which a response is not required.  To the extent a response is required, Defendants deny any violation of law.

198.   Defendants restate and incorporate by reference their responses to all preceding paragraphs.

199.   The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

200.   Defendants deny the allegations in this paragraph.

201.   Defendants deny the allegations in this paragraph.

## "PRAYER FOR RELIEF"

The remaining paragraphs of Plaintiffs' complaint, denominated 1-12, constitute Plaintiffs' request for relief to which no response is required.  To the extent a further response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' complaint not otherwise expressly admitted, qualified, or denied herein.

## DEFENSES

1.  Plaintiffs fail to state a claim on which relief can be granted.

2.  Plaintiffs failed to adequately identify some or all of their claims during the administrative process, thereby waiving those claims.

3.  The court lacks jurisdiction over some or all of Plaintiffs' claims.

WHEREFORE, the United States requests that the Court dismiss the Complaint in its entirety, render judgment for the Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 29th day of April 2024.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

 /s/ Krystal-Rose Perez
KATHARINE LAUBACH (CO 42693)
KRYSTAL-ROSE PEREZ (TX 24105931)
Trial Attorneys
U.S. Department of Justice
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-8568 (Laubach)
Phone: (202) 305-0486 (Perez)
Email: katharine.laubach@usdoj.gov
Email: krystal-rose.perez@usdoj.gov

*Attorneys for Defendants*

 s/ Lisa E. Bhatia Gautier
Lisa E. Bhatia Gautier
Assistant U.S. Attorney
Torre Chardón, Suite 1201
350 Calle Chardón
San Juan, Puerto Rico 00918
Phone: 787-282-1894
E-mail: lisa.bhatia@usdoj.gov

39